IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| LAVARN PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:10-cv-0050 |
| v. ) | |
| ) | JUDGE HAYNES |
| VENTURE EXPRESS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## INITIAL CASE MANAGEMENT ORDER

**I.  Jurisdiction and Venue**

The Court has jurisdiction of this cause.  Jurisdiction and venue are not disputed.

**II.  Parties' Theories of the Case**

**1.  Plaintiff's Theory of the Case:** The ADA states: (a) General Rule. No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment. 42 U.S.C. 12112(a).  When a "disabled" employee is unable to work due to a workers compensation injury, and the employee requires greater than thirty (30) days of leave to recuperate, it is the policy, pattern and practice, of Defendant to terminate such individuals' employment after thirty (30) days rather than to grant extended medical leave.  The ADA requires flexible extended leave policies absent an "undue hardship," *as opposed to* blanket and inflexible periods of time resulting in automatic termination. 42 U.S.C. §§12112(a), 12112(b)(3)(A) and (b)(5).

1

Plaintiff brings this action as a class action pursuant to Rule 23(a),(b)(1),(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all employees who were terminated under the thirty (30) day medical leave policy.

In February of 2009, Plaintiff sustained an on-the-job injury to his leg for which he made a claim for workers compensation. This leg injury constituted a "disability," as it limited Plaintiff in major life activities, *inter alia,* of "type" of work, walking, and standing. Plaintiff was not eligible for a medical leave of absence under the Family and Medical Leave Act (FMLA) because Plaintiff was not an "eligible employee". Plaintiff requested, and did require, a reasonable accommodation in the form of a leave of absence to recuperate.

On or about April 13, 2009, Defendant wrote Plaintiff a letter terminating his employment. Defendant stated, in relevant part: "Since your treatment is expected to continue for several months and you are ineligible for FMLA due to your seniority with the company, your employment with Venture Express will end 4/19/09. **When an employee is unable to work due to worker's compensation, our company policy is to allow an employee a maximum of a 30 day leave of absence if an employee cannot return to work.** You will be eligible to receive COBRA benefits for your medical coverage if you choose to elect them."

By stating its "company policy" is a *"maximum"* of 30 days for a non-FMLA eligible employee who is injured on the job, Defendant admitted a policy, followed in actual practice, of not allowing extended medical leaves which do not constitute an undue hardship. Defendant adopted an arbitrary medical cut-off which inflexibly denies

2

employees, such as Plaintiff and the class, a reasonable accommodation of flexible leave which safeguards their employment.

Upon information and belief, the class consists of multiple employees denied flexible medical leave, enough to make the numerosity so great that joinder is not practicable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. The exact number and identity of Class members is properly determined through discovery. There is a well defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to Class members which predominate over questions which may affect individual Class members include:

(a) Whether Defendant's policies, procedures, acts and omissions violated (and/or continue to violate) the ADA (ADA-AA); and

(b) Whether Plaintiff and the Class have sustained injury by reason of Defendant's acts or omissions.

Plaintiff's claim is typical of those of the Class because Plaintiff and Class members have suffered similar harm as a result of Defendant's inflexible, automatic termination policy. Absent a class action, Class members may not receive appropriate relief and the violations of the law will be unremedied. Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Plaintiff is committed to pursuing this action and has retained Counsel experienced and familiar with class action litigation generally and litigation under the ADA specifically. Plaintiff will

3

N EM 782061 v1
2902082-000037 07/26/2010
Case 1:10-cv-00050  Document 11  Filed 08/26/10  Page 3 of 9 PageID #: 41

fairly and adequately represent the interests of the Class and Plaintiff has no interest which is adverse to or conflicts with those of the Class. The prosecution of separate actions by Class members would create a risk of inconsistent adjudications establishing incompatible standards of conduct for the Defendant. A class action is the superior method for fair and efficient adjudication of this controversy. Because the damages suffered by the many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually seek redress for the wrongful conduct alleged herein. Indeed, the likelihood that individual Class members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

    2.    **Defendant's Theory of the Case:** Defendant denies all of the allegations contained in Plaintiff's Complaint. Defendant further asserts that no class should be certified. Defendant also denies that its employee leave policies violate the Americans With Disabilities Act ("ADA"). The requirements for an ADA claim are that the individual (1) is disabled within the meaning of the Act, (2) is qualified to perform the essential functions of the job held or desired with or without reasonable accommodation, and (3) suffered an adverse employment decision because of the disability. *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247 (6th Cir. 2000). Merely because an employee may qualify for workers compensation benefits does not mean that same individual is "disabled" within the meaning of the ADA. Defendant's termination of Plaintiff did not constitute a violation of the ADA. Plaintiff could not perform the essential functions of the position, with or without reasonable accommodation, due to medical restrictions.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

#### C. Other Pretrial Discovery Matters

Jury trial is set to begin on November 29, 2011, at 9:00 a.m., in Columbia, Tennessee. If this action is to be settled, the Law Clerk shall be notified by noon, November 23, 2011. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances. A pretrial conference shall be held on November 14, 2011, at 2:00 p.m., in Columbia, Tennessee. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery related to class certification shall be completed by the close of business on **December 15, 2010**. All other discovery shall be completed by the close of business on **June

5

**17, 2011.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **June 17, 2011.** All discovery related statements shall be filed by the close of business on **June 17, 2011.** No motions related to discovery or for a protective order shall be filed until a

discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **July 15, 2011** and any response thereto shall be filed by the close of business on **August 5, 2011.** Any reply shall be filed by the close of business on **August 19, 2011**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **April 15, 2011,** the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **May 16, 2011**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **June 17, 2011**.

There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts

7
N EM 782061 v1
2902082-000037 07/26/2010
Case 1:10-cv-00050   Document 11   Filed 08/26/10   Page 7 of 9 PageID #: 45

with the experts' schedules; and to avoid the costs of expert depositions. Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the 26th day of August, 2010.

                                            *s/ John S. Bryant*
                                            _____
                                            JOHN S. BRYANT
                                            United States Magistrate Judge

APPROVED FOR ENTRY:

s/Jonathan L. Bobbitt, Esq. (with permission)
Justin S. Gilbert, Esq.
Clinton H. Scott, Esq.
Jonathan L. Bobbitt, Esq.
GILBERT RUSSELL MCWHERTER, PLC
101 North Highland Ave.
Jackson, TN 38301

Attorneys for Plaintiff


s/Elizabeth Moccaldi
Mark Baugh (B.P.R. # 15779)
Elizabeth Moccaldi (B.P.R. # 24608)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street
Suite 1000
Nashville, Tennessee 37201
(615) 726-5600
(615) 726-0464 (facsimile)

Attorneys for Defendant

9